UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| In Re: | * | CHAPTER 13 |
| Connley Eugene Wilhelm, Jr. | * | CASE NO.: 19-70034 |
| Rhonda Stamper Wilhelm | * | |
| Debtor | * | |
| _____ | * | |

## AMENDED CHAPTER 13 PLAN COVER SHEET AND NOTICE OF HEARING

The attached plan dated Jan. 13, 2021 is an amended plan that replaces the ☒confirmed or ☐ unconfirmed plan dated January 15, 2020

The Court shall hold a hearing on confirmation of the attached plan and any timely filed objections on **Monday, March 8, 2021, at 9:30 am, at U.S. Bankruptcy Court, 2nd Floor, 210 Church Ave., SW, Roanoke, VA 24011.**

The following describes the section(s) of the plan being amended, the change in treatment, the affected creditor(s), and the impact of the change:

| Section of Plan | Change in Treatment | Creditor | Impact of Change |
|---|---|---|---|
| 2.1 | Lowers plan payments and extends plan to 84 months **CARES ACT. The male debtor has been in and out of work due to Covid layoffs over the past 9 months. At this time, his continued regular employment is speculative, therefore the debtors are looking to lower the payment as much as possible. Total Plan Length: 84 months** | All | Delay in payment to creditors. Extension of plan. |
| 2.4 and 2.5 | Adjusts funding | All | Delay in payment to creditors |
| 3.1 | Adds Rule 3002.1 fees. | Wells Fargo Bank, NA | None |
| 4.2 | Notices trustee commission | All | None |
| 4.3 | Adds legal fees | All | None |

Note: No *new* motions for valuation, motion to surrender, motion to approve/reject executory contract, or motions to avoid liens are contained in this amended plan.

      /s/Malissa L. Giles
      Counsel for Debtor(s)

## CERTIFICATION OF MAILING AND/OR SERVICE OF CHAPTER 13 PLAN

I certify that a true and correct copy of the Amended Plan Cover Sheet and the Amended Chapter 13 plan dated January 13, 2021 filed electronically with the Court on **January 13, 2021**, has been mailed by electronic mail to the address on file with the BNC or used in the filed proof of claim on January 13, 2021 or mailed by first class mail postage prepaid to other creditors who filed claims, equity security holders, and other parties in interest, including the United States Trustee, on **January 13, 2021** unless those parties are served automatically via CM/ECF.

      /s/ Malissa L. Giles
      Counsel for Debtor(s)

Malissa Lambert Giles
Giles & Lambert, PC
P.O. Box 2780
Roanoke VA 24001
540-981-9000

| | |
|---|---|
| 19-70034 | |
| Fill in this information to identify your case: | |
| Debtor 1 | **Connley Eugene Wilhelm, Jr.** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Rhonda Stamper Wilhelm** |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF VIRGINIA** |
| Case number: | 19-70034 |
| (If known) | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
2.1, 2.4, 2.5, 3.1, 4.2. 4.3

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Incsluded" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1    Debtor(s) will make regular payments to the trustee as follows:

**$1125.00** starting in February 2021 for 60 months.

**Reason: CARES ACT.** The male debtor has been in and out of work due to Covid layoffs over the past 9 months. At this time, his continued regular employment is speculative, therefore the debtors are looking to lower the payment as much as possible. Total P lan Length: 84 months

2.2    Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☑    Debtor(s) will make payments pursuant to a payroll deduction order.
☑    Debtor(s) will make payments directly to the trustee.
☐    Other (specify method of payment):

**Debtor will make direct payments until Wage Deduction starts.**

**2.3 Income tax refunds.**
  *Check one.*
    ☑    Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Connley Eugene Wilhelm, Jr.** | Case number | **19-70034** |
|---|---|---|---|
|  | **Rhonda Stamper Wilhelm** |  |  |

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
  *Check one.*
  ☐ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*
  **$28,133.66 paid to date**

2.5   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**95,633.66**.

| Part 3: | **Treatment of Secured Claims** |

3.1   **Maintenance of payments and cure of default, if any.**

   *Check one.*
   ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
   ☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Wells Fargo 401(k) Plan Admin.** | **Original loan, $3042.00 2/6/2018. 6.5%. Bi-weekly payments of $27.46 Payoff: 2/3/2023** | $59.50<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition:<br>$0.00 | 0.00% | $0.00 | $0.00 |
| **Wells Fargo 401(k) Plan Admin.** | **Original loan, $2,919.00 6/14/17. 6.%. Bi-weekly payments of $26.03 Payoff: 6/10/2022** | $56.40<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition:<br>$0.00 | 0.00% | $0.00 | $0.00 |

| Debtor | **Connley Eugene Wilhelm, Jr.** <br> **Rhonda Stamper Wilhelm** | | Case number | **19-70034** |
|---|---|---|---|---|

| Creditor | Collateral | Monthly Payment | Arrearage | Interest Rate | Amount of arrearage disbursement | Amount of secured claim |
|---|---|---|---|---|---|---|
| **Wells Fargo 401(k) Plan Admin.** | **Original loan, $3,400.00 8/5/16. 5.5%. Bi-weekly payments of $29.98 Payoff: 8/6/2021** | **$0.00** <br> Disbursed by: <br> ☐ Trustee <br> ☑ Debtor(s) | Prepetition: $0.00 | 0.00% | $0.00 | $0.00 |
| **Wells Fargo Bank** | **1018 Maywood Drive Vinton, VA 24179** | **$50.00 To resume 3/1/2020** <br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor(s) | Prepetition: $1,000.00 <br> Gap : $105.00 <br> Post-petition: $50.00 <br> Additional petition 1/15/20 plan: $50.00 <br> See 8.1. | 0.00% | Pro rata | $8,000.00 |
| **Wells Fargo Home Mortgage** | **1018 Maywood Drive Vinton, VA 24179** | **$506.55 To resume 3/1/2020 or 4/1/2020 as trustee able** <br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor(s) | Prepetition $5,572.05 <br> Gap: $1063.76 <br> Additional post-petition per $506.55 <br> Additional post petition 1/15/20 plan: $1013.10 <br> Rule 3002.1 $2,197.06 <br> See 8.1. | 0.00% | Pro rata | $TBD |

*Insert additional claims as needed.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim.* For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

| Debtor | **Connley Eugene Wilhelm, Jr.** | Case number | **19-70034** |
|---|---|---|---|
| | **Rhonda Stamper Wilhelm** | | |

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **Advance America** | $1,769.52 | 2007 Chevrolet Equinox | $4,650.00 | $0.00 | $1,769.52 | 6.75% | $34.83 See 8.1. | $2,007.60 |
| **Roanoke County** | $2,600.00 | 1018 Maywood Drive Vinton, VA 24179 109,800.00 | $108,000.00 | $88,069.00 | $2,360.30 | 10.00% | $55.24 See 8.1 | $3,314.40 |
| **Town of Vinton** | $300.00 | 1018 Maywood Drive Vinton, VA 24179 | $108,000.00 | $90,669.00 | $97.50 | 10.00% | $6.37 See 8.1 | $382.20 |

*Insert additional claims as needed.*

**3.3   Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Bridgecrest** | 2014 Ford Fusion 113000 miles NADA Retail: 10,150.00 | $16,046.01 | 6.75% | $316.81 See 8.1. Disbursed by: ☑ Trustee ☐ Debtor(s) | $19,008.26 |

*Insert additional claims as needed.*

**3.4   Lien avoidance**.

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5   Surrender of collateral.**

| Debtor | **Connley Eugene Wilhelm, Jr.** | Case number | **19-70034** |
|---|---|---|---|
|  | **Rhonda Stamper Wilhelm** |  |  |

*Check one.*

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **8.00**% of plan payments; and during the plan term, they are estimated to total $**9,563.00**.

**4.3** **Attorney's fees.**

a. The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**2,365.00**. (approved and being paid)
b. Debtor(s)' attorney will be paid $400.00 balance due of the total flat fees of $400.00 concurrently with or prior to the payments to remaining creditors. These flat fees are for representation and preparation of the amended plan dated 1/13/21, service thereof, and representation at the confirmation hearing.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The debtor(s) estimate the total amount of other priority claims to be **$2,415.59**

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $          .
☑ **0** % of the total amount of these claims, an estimated payment of $ **$00.00** .
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan. Due to the additional arrearage it is difficult to calculate if there will be any funds available to unsecured creditors. Any funds available based on the current base will be distributed to unsecured creditors.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

| Debtor | **Connley Eugene Wilhelm, Jr.** | Case number | **19-70034** |
|---|---|---|---|
|  | **Rhonda Stamper Wilhelm** |  |  |

- [ ] **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
- [x] **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| **Veritas Instrument Rental** | **Instrument Rental - Secured by collateral.** | No claim filed<br>Disbursed by:<br>☐ Trustee<br>☒ Debtor(s) | No claim filed |  | No claim filed |

*Insert additional contracts or leases as needed.*

### Part 7: Vesting of Property of the Estate

**7.1   Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
- [x] plan confirmation.
- [ ] entry of discharge.
- [ ] other: _____

### Part 8: Nonstandard Plan Provisions

**8.1   Check "None" or List Nonstandard Plan Provisions**
- [ ] **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

**Conduit Mortgage Option:**
**A.  ATTORNEYS FEES**
**Attorneys Fees noted in Provision 4.3 shall be approved on the confirmation date unless previously objected to. Attorneys fees shall be paid ahead of all other claims except adequate protection payments, conduit mortgage payments, or any allowed claims arising under 11 USC sec. 507(a)(1) (which claim shall be paid concurrently with legal fees), if any, which shall be treated in accordance with the notice in Paragraph 3.C.**

**B. ADEQUATE PROTECTION**
**Payments shall begin on all secured debts in the amounts below upon the filing of a claim.**

**Creditor: Advance America        Collateral: Auto           Payment: $34.83***
**Creditor: Roanoke County         Collateral: Residence      Payment: $55.24***
**Creditor: Town of Vinton         Collateral: Residence      Payment: $6.37***
**Creditor: Bridgecrest            Collateral: Auto           Payment: $316.81**

**All of these payments are the same as the equal monthly payments and are not reduced.**

**C. ONGOING - FUTURE MORTGAGE PAYMENT**
**The Trustee will pay all post-petition mortgage payments through the plan.  These mortgage payments will be classified and paid as follows:**
**(1)   Class 1: The first two mortgage payments due after filing of the petition will be paid pro-rata by the Trustee as post-petition arrears, including late fees, in the approximate amount of $1,029.10 and**
**(2)   Class 2: The regular post-petition mortgage payments will be paid by the Trustee beginning with the third mortgage payment due after the filing of the petition [ April 2019]; the total number of Class 2 payments to be made by the Trustee will equal the number of monthly plan payments being made by the Debtor(s) to the Trustee [approximately 60 months], unless the plan pays off early.**
**The total number of monthly mortgage payments to be paid by the Trustee (Class 1 plus Class 2) is 50 months, unless the plan pays off early.**

| Debtor | **Connley Eugene Wilhelm, Jr.** | Case number | **19-70034** |
|---|---|---|---|
| | **Rhonda Stamper Wilhelm** | | |

**Disbursement of ongoing post-petition mortgage payments from the Chapter 13 Trustee may not begin until an allowed claim on behalf of the mortgagee has been filed.**
**At the completion of the term of the plan, it is predicted that the Debtor(s) shall resume monthly mortgage payments directly pursuant to the terms of the mortgage contract beginning with the payment due in April 2024.**

### D. TREATMENT AND PAYMENT OF CLAIMS.
- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

## Part 9:   Signature(s):

**9.1   Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

| X | /s/No signature necessary | X | /s/ No signature necessary |
|---|---|---|---|
| | **Connley Eugene Wilhelm, Jr.** | | **Rhonda Stamper Wilhelm** |
| | Signature of Debtor 1 | | Signature of Debtor 2 |

| X | /s/ Malissa Lambert Giles | Date | **1-13-2021** |
|---|---|---|---|
| | **Malissa Lambert Giles 33955** | | |
| | Signature of Attorney for Debtor(s) | | |

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.xhibit: Total Amount of Estimated Trustee Payments**

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$49,315.64** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$5,704.20** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$19,008.26** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$13,130.59** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$3,996.31** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)* + | **$0.00** |
| | **Total of lines a through j** | **$91,155.00** |